UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CAFFREY, ET AL., | : | |
| | : | Civil Action No. 05-5608 (KSH) |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| QUIGLEY CORP., ET AL., | : | ORDER |
| | : | |
| Defendants. | : | |

This matter having come before the Court by way of motion of the plaintiffs, filed June 29, 2006, for leave to file an Amended Complaint to name DPT Laboratories ("DPT") as a defendant;[1]

and the Court having considered the parties' submissions;[2]

---

[1] On October 12, 2005, the plaintiffs filed an Amended Complaint against Quigley Corporation, Quigley Pharma, Inc., CVS Pharmacy, ABC Corporations 1-10 and ABC Corporations 11-20 in the Superior Court of New Jersey, Law Division, Essex County. Amend. Compl. at 1-2. The defendants filed a Notice of Removal with this Court on November 28, 2005. Docket Entry No. 1. In the Amended Complaint, the plaintiffs alleged that plaintiff Robert Caffrey completely lost his sense of smell and substantially lost his ability to taste after using Cold-Eeze, a homeopathic cold remedy. Amend. Comp. at 3-4. Based on these allegations, the plaintiffs asserted claims for negligence, defective design and breach of warranty against each defendant in its role as manufacturer, seller or distributor of Cold-Eeze. Id. at 1-9.

[2] In support of their request for leave to file an Amended Complaint to add DPT as a defendant in this action, the plaintiffs contend that DPT, like the other named defendants, manufactured, sold or distributed Cold-Eeze. Proposed Amend. Compl. at 2. The plaintiffs opted not to file a brief in support of their motion.

In opposition, defendant Quigley argues that the interest of judicial economy favor denying the plaintiff's request because it is unnecessary to join DPT as a defendant since "Quigley has agreed to defend and indemnify DPT Laboratories for alleged injuries resulting from the use of the Cold-Eeze Nasal Spray." Def.'s Opp. at 2. In addition, Quigley argues that the plaintiffs' motion did not articulate any "legal or factual basis for the *independent* [liability-

and the Court having considered this motion pursuant to Fed. R. Civ. P. 78 and L. Civ. R. 78.1;

and Federal Rule of Civil Procedure 20(a) providing that:

> [a]ll persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action;

and thus joinder pursuant to Rule 20(a) requiring both that "(1) a right to relief must be asserted against the parties which is predicated upon or arises out of a single transaction or occurrence or series of transactions and occurrences, *and* (2) there must exist some question of law or fact common to all parties which will arise in the action," N. J. Mach. Inc. v. Alford Indus., Inc., 1991 WL 340196, *1 (D.N.J. 1991) (emphasis in original); see also Morris v. Paul Revere Ins. Group, 986 F.Supp. 872, 885-886 (D.N.J. 1997) (denying plaintiff's motion to join defendant accountants because their actions, although potentially constituting malpractice, had "no bearing on the principal issues in [that] case and consequently fail[ed] to implicate any

---

producing] conduct" of DPT. Id. (emphasis in original). Moreover, Quigley states that no other plaintiffs in similar state and federal actions involving Cold-Eeze have sought to join DPT as a defendant and it represents that they have informed the plaintiffs that they would produce any documents in DPT's possession and thus, they contend, the plaintiffs' request is intended to delay the case. Id.

In their reply, the plaintiffs argue that the existence of an indemnification agreement between Quigley and DPT is irrelevant to the plaintiffs' request to add DPT as a party. See Letter of Eric D. Katz, Esq., dated July 14, 2006, at 1. Specifically, they argue they should be permitted to assert claims directly against DPT to sufficiently protect themselves in the event Quigley becomes judgment proof. Id. at 2.

common questions of law or fact");  Mesa Computer Utilities, Inc. v. Western Union, 67 F.R.D. 634, 637 (D. Del. 1975) (holding that franchise agreements negotiated and executed at different times and locations and with different plaintiffs satisfied both tests even though "[i]t [was] apparent . . . that the legal and factual issues to be determined [would] differ in some respects from one plaintiff to the next" because defendants' "acts of misrepresentation and conspiracy which directly affected all plaintiffs . . . may constitute a single transaction or occurrence for purposes of Rule 20(a)" and because "there [was] . . . [at least] one question of law or fact common to the parties");

and a transaction being defined as "a word of flexible meaning [that may] comprehend a series of many occurrences, depending not so much on the immediateness of their connection as upon their logical relationship," id. (quoting Mosley v. General Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974));

and Rule 20 requiring that courts consider "other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness," even when the two-part test is satisfied, such as

> the possible prejudice that may result to any of the parties in the litigation, the delay of the moving party in seeking an amendment to his pleadings, the motive that the moving party has in seeking such amendment, the closeness of the relationship between the new and the old parties, the effect of an amendment on the court's jurisdiction, and the new party's notice of the pending action,

Desert Empire Bank v. Insurance Co. of North America, 623 F.2d 1371, 1375 (9th Cir. 1980);

and courts interpreting Rule 20 liberally to "achieve the rule's goals of promot[ing] judicial economy and efficiency," Snodgrass v. Ford Motor Co., 2002 WL 485688, at *2 (D.N.J.

2002); see also Miller v. Hygrade Food Prod. Corp., 202 F.R.D. 142, 144 (E.D. Pa. 2001) (stating that "the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged") (internal citation and quotation marks omitted);

and motions to join parties under Rule 20 falling squarely within the discretion of the court, which must determine whether the proposed joinder comports with the "principles of fundamental fairness," N.J. Mach. Inc., 1991 WL 340196 at *1;

and the Court finding that the plaintiffs should be granted leave to file the proposed Amended Complaint to add DPT;[3]

and for good cause shown,

---

[3] Here, the plaintiffs have satisfied both factors of the test articulated in N.J. Machine. First, the proposed causes of action are predicated on the same transaction or occurrence as is alleged in the Amended Complaint, namely the injury the plaintiff sustained from his use of Cold-Eeze. Second, there are identical questions of both law and fact, including whether Cold-Eeze was improperly designed.

Moreover, the existence of an indemnification agreement between Quigley and DPT does not justify denying the plaintiffs' request. While the agreement may address Quigley's and DPT's rights with respect to one another, it does not involve the plaintiffs' rights as to DPT. Indeed, the indemnification agreement appears to confirm DPT's involvement in the product's design, which makes them an appropriate party to this action. See Bricker v. Ford Motor Co., 514 F. Supp. 1236, 1238-39 (S.D.Tex. 1981) (holding that an indemnified car dealer was necessary to plaintiff's claims for strict liability and negligence against a car manufacturer). Further, if the plaintiffs are successful on the merits of their claim against DPT, they will be able to obtain a judgment separate and apart from any judgment they may obtain from Quigley. Id.

Lastly, the plaintiffs' request is timely and it will not prejudice the defendant. The Scheduling Order set June 30, 2006 as the deadline to add parties, see Order, dated March 10, 2006, and the plaintiffs filed this motion on June 29, 2006. Further, the deadline to conduct fact discovery is October 2, 2006 and thus there remains ample time for all of the parties to conduct discovery, particularly since counsel for Quigley has agreed to defend DPT and represents that DPT is prepared to provide documents and witnesses. See Quigley's Brief, dated July 13, 2006, at 2.

IT IS on this 19th day of July, 2006

ORDERED that the plaintiff's motion for leave to file an Amended Complaint to name DPT as a defendant is granted; and

IT IS FURTHER ORDERED that, no later than **July 26, 2006**, the plaintiff shall file the Amended Complaint.

s/Patty Shwartz<br>
United States Magistrate Judge